BRUNDAGE–BONE CONCRETE PUMPING, INC., a Washington corporation, Plaintiff—Appellant,

v.

CONCORD COMMERCIAL DIVISION OF HSBC BUSINESS LOANS, INC., a Delaware corporation, Defendant—Appellee.

No. 01–35447.

D.C. No. CV–99–01354–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2002.

Decided Aug. 16, 2002.

Before HAWKINS and GOULD, Circuit Judges, and WARE,* District Judge.

## MEMORANDUM **

■ The district court correctly determined that no loan contract was formed between Brundage–Bone Concrete Pumping, Inc. ("Brundage–Bone") and Concord Commercial Division of HSBC Business Loans, Inc. ("Concord"). The parties never had a meeting of the minds as to a material term of the contract—how the collateral would be valued. Although Brundage–Bone requested that the loan officer delete "quick sale" value from the definition of "wholesale value," the parties never agreed upon an alternate definition of the term. Brundage–Bone points to correspondence in which the loan officer allegedly "confirmed" that his understanding of wholesale value was the same as Brundage–Bone's. These "confirmations," however, occurred much later in the negotiation process and were consistent with the loan officer's testimony that Brundage–Bone's desire to use dealer cost was not discussed at the loan proposal stage and did not become apparent until late November. In any event, it is clear that Brundage–Bone's understanding of the term "wholesale value" was never communicated to anyone with loan approval authority at Concord.

"[T]he existence of mutual assent or a meeting of the minds is a question of fact." *Sea–Van Investments Associates v. Hamilton,* 125 Wash.2d 120, 881 P.2d 1035, 1039 (Wash.1994). It was not clearly erroneous for the district court to conclude that the parties had never agreed on a definition of "wholesale value," a material term of the alleged contract, and that therefore no enforceable contract was formed. *See Yakima County (West Valley) Fire Protection Dist. v. City of Yakima,* 122 Wash.2d 371, 858 P.2d 245, 255 (1993) ("mutual assent to the same bargain" is essential to contract formation).

■ To the extent the loan proposal letter created any good faith obligation on Concord, the district court did not clearly err in determining that Concord's actions showed "a good faith effort to reach agreement on the terms and conditions of such a loan." Although Brundage–Bone contends Concord breached its good faith obligation by trying to renegotiate the meaning of "wholesale value," the district court found there was never any real agreement about what that term meant, and it thus remained an open term subject to negotiation. Moreover, even though the first draft of loan documents used a definition of "quick sale" liquidation value, Concord agreed during subsequent oral negotiations that it would be willing to use an "orderly sale" liquidation value instead. As the district court noted, "at no point did Concord determine that it could not make an equipment finance loan to Brundage–Bone."

■ Brundage–Bone also argues that Concord is bound by its verbal approval of the loan proposal because it failed to provide a statutory notice that it would not be bound by oral agreements pursuant to Wash. Rev.Code § 19.36.140. Concord,

---

* Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

however, is not relying on the statute of frauds to avoid an oral contract, but rather on the express conditions of the signed writing itself, which condition an obligation to lend upon approval by its credit authority, formal documentation and an appraisal acceptable to both parties. It is undisputed that final loan documentation was never completed or executed. The district court also found that unconditional loan approval was never communicated to Brundage–Bone. Moreover, because there was no meeting of the minds on the term "wholesale value," any oral acceptance of the proposal by Concord was not a mutual assent to the same bargain.

■ The district court did not err in concluding that Brundage–Bone had not established the elements of promissory estoppel. To succeed on a claim for promissory estoppel, one must prove that there was:

> (1) a promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise.

*Havens v. C & D Plastics, Inc.,* 124 Wash.2d 158, 876 P.2d 435, 442 (1994) (internal quotation omitted). As the district court found, agreeing to strike "quick sale" from the definition of "wholesale value" did not constitute a promise to value the collateral the way Brundage–Bone wanted, using its cost. Later statements by the loan officer, such as "no one would disagree that a concrete pump isn't worth at least what you're buying it for," could not reasonably be viewed as an affirmative promise as to how Concord would appraise the collateral. Even if it could be so viewed, Brundage–Bone could not have justifiably relied on such a promise because it knew the loan officer lacked lending authority. Further, at that point Brundage–Bone had already begun dealing directly with Concord's Buffalo office.

Finally, the district court did not abuse its discretion by awarding airfare for Concord's witnesses. Although some of the fares were quite high, Concord submitted evidence in support of the fares to the district court, which found the costs were reasonable.

AFFIRMED.